UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL MCGORE,

     Plaintiff,

v.                                 Case Number: 10-cv-14331
                                     Honorable Patrick J. Duggan

MUTUAL INSURANCE AGENT,

     Defendant.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. INTRODUCTION

Plaintiff Darryl McGore, a prisoner incarcerated at Oaks Correctional Facility in Manistee, Michigan, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendant. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits which were dismissed as frivolous, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). For the reasons stated, the Court denies Plaintiff's application to proceed without prepayment of fees and costs and dismisses his complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

### II. DISCUSSION

Plaintiff names "Mutual Insurance Agent" as Defendant, although he does not identify the particular agent he is attempting to sue and his or her location. Plaintiff alleges that he attempted to cancel life insurance policies to pay his debts to the courts and the Michigan Department of Corrections. He further alleges that, because he did not

know the name of the agent, he filed a discovery motion in the Circuit Court for Wayne County Michigan, which the trial court denied.  Plaintiff now claims that he is entitled to relief.

The Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*.  As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.*  For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b).  In *Hampton*, the Sixth Circuit found the PLRA's fee requirements constitutional. *Id.* at 1288.

The PLRA further reinforces its "stop and think" aspect by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a
> civil action or proceeding under [the section governing proceedings *in
> forma pauperis*] if the prisoner has, on 3 or more prior occasions, while
> incarcerated or detained in any facility, brought an action or appeal in a
> court of the United States that was dismissed on the grounds that it is

frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal; although the statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is ex post facto legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an extremely active litigant in this District and in the Western District of Michigan. He has filed at least twelve lawsuits in the Western District, and at least four in this District. In more than three of those lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious or failed to state a claim. *See McGore v. Michigan Supreme Court Judges*, No. 1:94-cv-517 (W.D. Mich. Jan. 25, 1995); *McGore v. Nardi*, No. 2:93-cv-137 (W.D. Mich. Aug. 2, 1993); *McGore v. Stine*, No. 2:93-cv-112 (W.D. Mich. July 26, 1993); *McGore v. Stine*, No. 2:93-cv-77 (W.D. Mich. Apr. 30, 1993). Although all of the dismissals were entered before the April 26, 1996 enactment of the PLRA, the dismissals nevertheless count as strikes. *See Wilson*, 148 F.3d at 604.

3

Additionally, judges in this District and the Western District previously have denied Plaintiff leave to proceed *in forma pauperis* on several occasions for having three strikes. *See McGore v. Newhall*, No. 10-10927 (E.D. Mich. June 4, 2010); *McGore v. Michigan Parole Bd.*, No. 09-cv-922 (W.D. Mich. Oct. 23, 2009); *McGore v. Lutz*, No. 09-cv-13573 (E.D. Mich. Oct. 7, 2009); *McGore v. Curtin*, No. 1:09-cv-820 (W.D. Mich. Sept. 21, 2009); *McGore v. Birkett*, No. 09-13109 (E.D. Mich. Aug. 21, 2009); *McGore v. Lutz*, No. 09-13031 (E.D. Mich. Aug. 11, 2009); *McGore v. Rich*, 1:09-cv-395 (W.D. Mich. May 12, 2009); *McGore v. McKee*, 1:04-cv-421 (W.D. Mich. June 29, 2004); *McGore v. Gundy*, No. 1:00-cv-490 (W.D. Mich. Sept. 7, 2000); *McGore v. Gundy*, No. 1:00-cv-486 (W.D. Mich. July 19, 2000); *McGore v. Gundy*, No. 1:00-cv-155 (W.D. Mich. Mar. 15, 2000); *McGore v. Gundy*, No. 1:98-cv-367 (W.D. Mich. Nov. 12, 1998); *McGore v. Mich. Dep't of Corrs.*, No. 1:97-cv-202 (W.D. Mich. Apr. 4, 1997).

Consequently, Plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee in this case unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within this statutory exception to the three-strikes rule, a prisoner must allege that the threat or prison condition is "real and proximate" and that the danger of serious physical injury exists at the time the complaint is filed. *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (*en banc*)). A prisoner's assertion that he faced danger in the past is insufficient to invoke the exception. *Id.* The allegations stated

in Plaintiff's complaint do not pose an imminent danger of serious physical injury.  He has thus failed to show that he falls within the exception to the three-strikes rule.

### III.  CONCLUSION

Based upon the foregoing, the Court concludes that Plaintiff has filed more than three previous lawsuits that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.  It also finds that Plaintiff has failed to establish that he is under imminent danger of serious physical injury so as to fall within the exception to the three-strikes provision of 28 U.S.C. § 1915(g).

Accordingly,

**IT IS ORDERED**, that Plaintiff's application to proceed without prepayment of fees or costs is **DENIED**;

**IT IS FURTHER ORDERED**, that Plaintiff's complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(g).  This dismissal is without prejudice to the filing of a new complaint with payment of the $350.00 filing fee;[1]

**IT IS FURTHER ORDERED**, that because the Court concludes that it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g), any appeal from this Order would be frivolous and, therefore, cannot be taken in good faith.  *See* 28 U.S.C.

---

[1]The Court notes that any such complaint will be reviewed to determine whether it should be served upon the defendants or summarily dismissed pursuant to 28 U.S.C. § 1915A(b), which requires the Court to dismiss a complaint brought against governmental entities, officers, and employees if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

§ 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).


DATE: November 17, 2010

                                      s/PATRICK J. DUGGAN
                                      UNITED STATES DISTRICT JUDGE


Copy to:
Darryl McGore, #142739
Oaks Correctional Facility
1500 Caberfae Hwy.
Manistee, MI 49660